**PIERRE BAZILE ESQ.**
Attorney At Law P.C.
220 Old Country Rd.
Mineola, NY 11501-4272
(516) 750 8789

E-MAIL:
PierreBazileEsq@gmail.com
*Not for service of papers*
----------------------------------------
FAX (516) 750-8792
*Not for service of papers*

Of Counsel To The Law Offices Of
Michael G. Postiglione P.C.

**MAILING:**
273 Walt Whitman Rd. Suite #108
Huntington Station, NY 11746
(631) 245 5360
--------------------------------------

1/12/2009

Hon. James Orenstein, Magistrate Judge
Unites States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201-1832

RE: ALVERADO V SANO CONSTRUCTION  Docket No. **09-CV-1491 (RJD) (JO)**
Status Report.

Your Honor;

    The following constitutes the status of the matter as of today's date. At the last conference we were directed to report on:
1. Efforts to ascertain the status of potential opt-in plaintiffs who may have already accepted relief arising from the corporate defendant's settlement with the United States Department of Labor.
2. Efforts to agree on the contents of a notice to be sent to any potential opt-in plaintiff's who have not yet accepted such relief or otherwise remain eligible to join this lawsuit.

    I have made telephonic, and written contact on November 3rd with investigator Laurel Archibald of the United States Department of Labor who indicated that he would commence a search for the D.O.L.WH-58 waiver forms executed by the potential opt-in plaintiffs. We await his response.

    With regard to settlemnt, we have reiterated out settlement offer to Mr. Zeller. Mr. Zeller indicated that he was interested in a univeral setttlement that encompassed not only plaintiff Alverado, but the potential opt-ins as well. We reiterated that our offer extends to Mr. Alverado only, as he is the only identified proper plaintiff at this time. If potential opt-ins have valid claims, they may assert them in their own right at a later time, but we make no offer to potential opt-ins. We await a response to our offer. We remain open to settlement, and to mediation. Our offer to Mr. Alverado will remain open for a reasonable time.

With regard to the contents of a notice to be sent to any potential opt-in plaintiff's who have not yet accepted such relief or otherwise remain eligible to join this lawsuit, in a letter to Mr. Zeller's office dated November 11, 2009, I proposed that the notice should in some way track the language of the notice contained within the United States Department of Labor WH-58 waiver form, to wit:

*1 NOTICE TO EMPLOYEE UNDER THE FAIR LABOR STANDARDS ACT - Your acceptance of back wages due under the Fair Labor Standards Act means that you have given up any right you may have to bring suit for back wages under Section 16(b) of that Act. Section 16(b) provides that an employee may bring suit on his/her own behalf for unpaid minimum wages and/or overtime compensation and an equal amount as liquidated damages, plus attorneys' fees and court costs. The statute of limitations for Fair Labor Standards Act suits requires that a suit for unpaid minimum wages and/or overtime compensation must be filed within 2 years of a violation of the Act, except that a suit for a willful violation must be filed within 3 years of the violation.*

We await Mr. Zeller's response.

    We have one matter to bring to the court's attention, regarding Rule 26(a) (ii) disclosure. As members of plainiff's putative class have yet to be ascertained, and/or identified with certainty, defendants cannot at this time provide documents and/or tangible things that could be used to support a defense. We would seek the Court's guidance as to whether further discovery should by stayed until the putative class has been established.

Respectfully Submitted,

Pierre Bazile

CC:   Justin Zeller Esq
       11 East Broadway Suite #9C
       New York, NY 10038